**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLINTON MITCHELL III,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:26-147** |
| **v.** | : | **(JUDGE MANNION)** |
| **WARDEN OF FPC-LEWISBURG,** | : | |
| **Respondent** | : | |

# MEMORANDUM

Presently before the court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 to challenge the United States Bureau of Prisons' calculation of First Step Act ("FSA") time credits. The petition will be dismissed for failure to exhaust administrative remedies.

## I. BACKGROUND

Petitioner, Clinton Mitchell, III, is incarcerated in Lewisburg Federal Prison Camp ("FPC-Lewisburg") serving a federal criminal sentence. (Doc. 1). He filed the instant petition on January 15, 2026, and the court received and docketed his petition on January 21, 2026. (Doc. 1). Mitchell asserts that the BOP is not giving him the proper amount of FSA credits towards his sentence. (*Id.*) He acknowledges that he did not exhaust administrative remedies for his claims, but argues that exhaustion should be excused because the BOP categorically denies claims seeking FSA credits, BOP

officials do not meaningfully review such claims, and because he is suffering irreparable harm in the form of his continued incarceration. (Doc. 1 at 3-4).

Respondent responded to the petition on April 3, 2026, arguing that it should be dismissed for failure to exhaust administratively or alternatively denied on its merits. (Doc. 9). Mitchell filed a reply brief on April 21, 2026. (Doc. 10). With respect to exhaustion, he argues that the administrative process was rendered unavailable to him because of prison officials' untimely responses and failure to provide documents, and that exhaustion should be excused because his claim presents an issue of statutory construction. (*Id.* at 3-4). Mitchell has additionally filed a motion for expedited consideration of his petition. (Doc. 11). The petition is now ripe for review.

## II. Discussion

This case will be dismissed for failure to exhaust administrative remedies. Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial

resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Id.* at 761-62. The BOP has an internal system through which prisoners can request review of nearly any aspect of their imprisonment. *See* 28 C.F.R. §§542.10-.19. The process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the BOP's central office. *Id.* §§542.13-.15. No request is considered fully exhausted until reviewed by the central office. *Id.* §542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. *Moscato*, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. *Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982).

Here, respondent has produced evidence showing that Mitchell failed to exhaust administrative remedies. (Doc. 9-4). Mitchell concedes that he failed to exhaust administrative remedies, (Doc. 1 at 3-4), but asserts several arguments why exhaustion should be excused, none of which have merit.

Mitchell first argues that the BOP applies "rigid internal policies" rather than "meaningful individualized review" to grievances like his, which leads to systematic denial of grievances. (Doc. at 3-4). This argument is unavailing. Mitchell has not provided any evidence to show that the BOP has a policy in place to systematically deny grievances, and the administrative remedy process is not rendered futile "simply because a prisoner anticipates he will be unsuccessful in his administrative appeals." *Williams v. Warden, Allenwood-Low*, 2024 WL 4204277, at *2 (M.D. Pa. Sept. 16, 2024) (quoting *Ross v. Martinez*, No. 4:09-CV-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009))).

Mitchell's second argument[1] is that he would suffer irreparable harm if he is required to exhaust administrative remedies. (Doc. 1 at 4). This argument is meritless. The only "irreparable harm" Mitchell would allegedly suffer if he needed to complete the administrative review process is that it

---

[1] Mitchell's petition argues that the BOP applies "structural insulation of designation decisions," but this appears to be functionally identical to his first argument that the BOP does not provide individualized review of grievances and therefore fails on the same basis. His petition also argues that there is "judicial recognition of futility in similar contexts," but this is simply a string citation of out-of-circuit cases that he contends support his arguments, not a separate freestanding argument. Accordingly, the court does not treat these as separate arguments. To the extent they are intended as separate arguments, they are insufficient to excuse exhaustion of administrative remedies.

would potentially delay his ability to receive habeas corpus relief. This is a fact common to all habeas corpus petitions and excusing exhaustion in this situation would essentially abrogate the exhaustion requirement for habeas corpus cases. Moreover, courts in this district have routinely rejected this argument. *See Hawkins v. Warden, FCI-Allenwood*, No. 3:25-CV-165, 2025 WL 1592080, at *2 (M.D. Pa. June 5, 2025) (collecting cases).

Mitchell's third argument is that the grievance process was rendered unavailable because two of his administrative filings were returned to him after the deadline for the BOP to respond. (Doc. 10 at 3). Although a prison's failure to timely respond to a grievance or appeal may render a grievance process unavailable in certain circumstances, *see Shifflett v. Korszniak*, 934 F.3d 356, 365 (3d Cir. 2019), the relevant BOP regulation in this case specifically contains a deemed-denied provision stating that the inmate may treat the absence of a timely response as a denial. 28 C.F.R. §542.18.[2] Once an appeal is deemed denied under this provision, the inmate is required to

[2] Mitchell acknowledges that this regulation exists and likely defeats his timeliness argument, but argues that "exhaustion may be excused when the purpose of exhaustion—such as allowing the agency to apply expertise—are no longer served due to the time-sensitive nature of the relief sought." (Doc. 10 at 3). Mitchell does not develop this argument or explain how this renders the regulation inapplicable to this case, so this court provides a similarly cursory response to the argument. In the court's view, the purposes of exhaustion are served by requiring exhaustion of administrative remedies in this case.

appeal as if he had received a denial in the ordinary course to complete the administrative exhaustion process. *See, e.g., Concepcion v. Warden Allenwood FCI*, 750 F. App'x 184, 186 (3d Cir. 2019) (nonprecedential); *VanBuren v. Sage*, No. 1:23-CV-971, 2024 WL 3597048, at *4 (M.D. Pa. July 31, 2024). Thus, any untimeliness of the BOP's responses in this case did not excuse completion of the administrative process.

Mitchell's fourth argument is that the grievance process was rendered unavailable because the BOP "hindered his access to the remedy procedure in the first place. Mitchell was denied BP-10 or BP-11 forms, and facility lockdowns prevented access to the law library and administrative staff." (Doc. 10 at 4). Mitchell has not presented any evidence to support his assertions that staff denied him grievance forms or that lockdowns prevented him from filing documents, and the grievance history provided by respondent shows that Mitchell was able to regularly file administrative remedy requests and appeals. (Doc. 9-4). This argument is accordingly unavailing.

Finally, Mitchell argues that administrative exhaustion should be excused because his claim presents an issue of statutory construction. (Doc. 10 at 4). This argument is meritless. Mitchell's petition does not present a question of purely statutory interpretation that would excuse exhaustion. Although his claim requires interpretation of a statute, it also challenges the

BOP's specific calculation of his FSA time credits. Dismissal of this case is therefore appropriate because Mitchell failed to exhaust administrative remedies and he has not provided any valid basis to excuse the failure to exhaust.

## III. Conclusion

For the foregoing reasons, the court will dismiss the petition for writ of habeas corpus without prejudice for failure to exhaust administrative remedies. Petitioner's motion to expedite will be denied as moot. An appropriate order shall issue.

**Malachy E. Mannion**
**United States District Judge**

**Dated:** 9/16/26
26-147-01